[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM
Prior to October 1, 1987 the plaintiffs were the owners of land in Watertown. On September 30, 1987 the defendants Kevin Chilson and A. Ralph Corbo, Jr. formed a partnership, the defendant C C Development. On October 1, 1987 C C purchased the plaintiffs' land at a price of $1,250,000. As part of the purchase C C gave the plaintiffs a purchase money mortgage note for $833,333. The note was signed by Chilson as a general partner and Chilson also signed individually. The note called for 9% annual interest payable monthly and payment of principal and any accrued and unpaid interest on October 1, 1989. It contained a standard acceleration clause and provision as to expense of collection including reasonable attorney's fees. Interest was paid until March, 1989 and no payments were made thereafter.
All defendants were defaulted for failure to plead, so the matter was assigned for a hearing in damages. On the day of hearing Corbo filed an answer but stated that he was ready, willing and able to proceed on the merits. The answer is somewhat unique in that it addresses only 8 of a 10 paragraph complaint.
There can be no question but that the note is a partnership obligation and that Chilson and Corbo were general partners. Corbo attempts to make much of the fact that he did not sign the note, but the significance of that fact escapes me. Chilson attempts to make much of the fact that on December 29, 1989 the partnership was dissolved, his interest was sold to Corbo, and as CT Page 8007 part of the dissolution Corbo agreed to save Chilson harmless from claims against the partnership, specifically including the note for $833,333. At least the named plaintiff became aware of the dissolution and thereafter he dealt with Corbo only. On this basis alone Chilson claims that under Connecticut General Statutes 34-74 he has been discharged from any obligation on the note. However, the creditor plaintiffs did not join in any agreement to that effect and they did not consent to any material alteration in the nature or time of payment of the note, so the cited section does not discharge him. As if that were not enough, as noted above Chilson signed the note both as a general partner and as an individual so even if his joint liability as partner were discharged he remains severally liable.
As noted above Corbo remains jointly liable as a general partner even though he did not sign the note and in addition he became severally liable by reason of the save harmless agreement as to which the plaintiffs are third party beneficiaries.
As to attorney's fees, there is no question but that this matter was referred for collection. A very detailed affidavit has been filed as to the reasonable value of the work that has gone into collection efforts. Some $3,951.57 was incurred prior to commencement of litigation and an additional $11,553.93 was incurred after start of suit, but it is crystal clear that the total of $15,505.50 arose because of collection efforts. This does not include participation in the present hearing and I conclude that a reasonable fee for it is $250 for a total of $15,755.50.
Judgment may enter for the plaintiffs in the principal amount of $833,333, interest to September 18, $191,198.64, and attorney's fee, $15,755.50, costs to be taxed.
J. HEALEY, STATE TRIAL REFEREE